## D.E. FREY & CO., INC. and Eric Aronson, Plaintiffs,

v.

## Rex B. WHERRY and Wray H. Wherry, Defendants.

### No. CIV.A. H–98–0884.

United States District Court, S.D. Texas, Houston Division.

Dec. 1, 1998.

Joseph Eugene Clements, Clements O'Neill, Houston, TX, Charles F. Brega, Brega and Winters, Denver, CO, for Plaintiffs.

Joe C. Holzer, Butler & Binion, Diana E. Marshall, The Marshall Law Firm, Houston, TX, for Defendants.

### ORDER

HITTNER, District Judge.

Pending before the Court is the Application for Order Vacating Arbitration Award filed by plaintiffs D.E. Frey & Co., Inc. ("Frey") and Eric Aronson ("Aronson") and the Motion to Dismiss filed by the defendants Rex B. Wherry and Wray H. Wherry ("the Wherrys"). Having considered the application, motion, submissions, and applicable law, the Court determines that the application to vacate should be denied and the motion to dismiss should be granted.

Frey and Aronson filed the complaint in this Court seeking an order vacating an arbitration award against them and in favor of the Wherrys. On February 23, 1998 an arbitration panel of the National Association of Securities Dealers ("NASD") awarded the Wherrys $188,000.00. The Wherrys alleged that their investment account was mismanaged by Frey and its agent Aronson. After the arbitration panel decided the arbitration in favor of the Wherrys, Frey and Aronson filed this case seeking to vacate the arbitration award. Frey and Aronson argue that

---

the arbitrators did not have authority to arbitrate the dispute because at the time of the arbitration, there were three pending class action cases in which the Wherrys were putative class members. Pursuant to the Rules governing NASD arbitrations:

> [a]ny claim submitted by a member or members of a putative or certified class action is also eligible for arbitration at the Association if the claim is encompassed by a putative or certified class action filed in a federal or state court .... However, such claims shall be eligible for arbitration ... if a claimant demonstrates that if it has elected not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.

NASD Code of Arbitration Procedure Rule 10301(b)(2). Thus, the plaintiffs argue that this rule is a substantive rule of subject matter jurisdiction for NASD arbitrators that cannot be waived.

The Wherrys on the other hand argue that Rule 1031(b)(2) is a procedural rule and the plaintiffs' failure to raise this issue at the time of arbitration constitutes a waiver of their right to complain that the rule is a basis for vacating the award. Thus, according to the Wherrys, because Frey and Aronson knew of the pending class actions at the time of the arbitration but failed to present the procedural rule to the arbitration panel and instead waited for the arbitrators' decision and then filed an action to vacate the award based on the allegation of a violation of a procedural rule, they are barred from seeking to vacate the arbitration award.

The Wherrys also argue that at the time of the arbitration, none of these cases had been certified as class actions. Therefore, no notices would have been sent out to class members nor would any opportunity to opt out of the class action have been provided. Subsequent to the time of the arbitration, the Wherrys have opted out of the three pending class actions: *Leonard Crowley, et al. v. BSI Participation Trust, et al.,* pending in the 148th Judicial District Court of Nueces County, Texas; *Charles D. Allen et al. v. Kenneth W. Germain, et al.,* pending in the Circuit Court of the 17th Judicial District in Broward County, Florida General Jurisdiction Division; and *Charles D. Beck, Jr., et al. v. D.E. Frey & Company, Inc., et al.,* pending in the District Court, City and County of Denver Colorado.

The Wherrys further argue that the claims raised in these class actions were different from the issues raised in the their complaint. Therefore, Rule 10201(d)(2) is inapplicable in this instance.

The language of Rule 10301(d)(2) does not clarify whether the rule is procedural or a substantive rule of subject matter jurisdiction. No court has previously decided whether the rule is substantive or procedural. As such, the Court looks to the intent of the NASD in submitting the proposed rule to the Securities and Exchange Commission ("SEC"). The purpose in proposing Rule 10301(d)(2) was to prevent NASD firms or associated persons from using an existing arbitration agreement to compel a customer to arbitrate a claim that was encompassed by a class action in order to defeat class certification or participation. *See* Notices Securities and Exchange Commission, 57 F.R. 52659 (November 4, 1992). In effect, words, the rule armed investors with a means to object to an attempt to compel arbitration when they would rather pursue class action litigation in a court. In light of the purposes of the rule, the Court determines that Rule 10301(d)(2) is procedural and not a substantive jurisdictional rule. Accordingly, Frey and Aronson's failure to object to the arbitration process constitutes a waiver.

Therefore, based on the foregoing, the Court hereby

ORDERS that the Application to Vacate Arbitration Award is DENIED and the Motion to Dismiss is GRANTED.

Each side shall bear their own fees and costs.