**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

OLDE DISCOUNT CORPORATION,

Plaintiff-Appellant,

v.

JULIAN HUBBARD,

Defendant-Appellee.

No. 98-3179
(D.C. No. 98-MC-205-EEO)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

OLDE Discount Corporation (OLDE) appeals from the district court's denial of its petition to compel arbitration and its entry of summary judgment in favor of Julian Hubbard (Hubbard). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

## I. Relevant undisputed facts

Upon accepting employment with OLDE in January 1996, Hubbard signed an employment agreement and a Uniform Application for Securities Industry Registration or Transfer, Form U-4. Both agreements contained clauses wherein Hubbard agreed to arbitrate any disputes or claims against OLDE, including those controversies arising out of his employment or termination that were required to be arbitrated under the rules of the New York Stock Exchange (NYSE) and the National Association of Securities Dealers (NASD). OLDE terminated Hubbard's employment in July 1996, and Hubbard filed a discrimination charge against OLDE with the Equal Employment Opportunity Commission. In February 1998 Hubbard offered to settle his claims against OLDE, stating that if no settlement was reached, he would file a class action suit for racial discrimination in federal district court in Kansas City, Kansas. *See* Appellee's App. at 2. On March 3, 1998, OLDE filed a petition in the Kansas City, Kansas federal district court requesting an order to compel Hubbard to arbitrate his dispute with OLDE pursuant to the employment and U-4 agreements. *See* Appellant's App. at 1. On

-2-

March 12, 1998, Hubbard filed a class action suit in the federal district court for the Western District of Missouri in Kansas City, Missouri. *See* Appellee's App. at 5. As a defense to arbitration, Hubbard argued in a motion to dismiss OLDE's petition that his claims were not within the scope of the arbitration agreement because they were filed as a class action and therefore fit within an express exclusion to arbitration under both the NYSE and NASD rules. [1] Finding that NASD Code of Arbitration Procedure Rule 10301(d)(2) (and the correlative NYSE rule) applied to exclude Hubbard's claims from the scope of the arbitration agreement, the district court denied OLDE's petition for an order to compel arbitration, treated Hubbard's motion to dismiss as one for summary judgment, and granted summary judgment in favor of Hubbard. *See* Order, Appellant's App. at 46, 48.

## II. Issues raised

Although OLDE's brief initially states that the issue raised on appeal is that "the district court erroneously failed to compel [defendant Julian] Hubbard to abide by his agreement with OLDE to arbitrate any claims related to his employment," Appellant's Br. at 2, it later emphasizes that the point of the appeal

---

[1] Because the rules are substantively identical, and the parties have focused on the NASD rule, we will quote and apply only the NASD rules in this order and judgment.

is *not* "that the District Court should have interpreted the procedures to apply only to a pending class action . . . [but] that the District Court should not have decided the class-action dispute at all" under the second paragraph of Rule 10301(d)(2). *See id.* at 10. By its emphasis, OLDE has all but waived its argument that the court misinterpreted and misapplied Rule 10301(d). We will, however, rule on that issue as well as addressing OLDE's jurisdictional argument.

## III. Standard of review

We review the denial of a motion to compel arbitration *de novo*, applying the same legal standards the district court employed. *See Armijo v. Prudential Ins. Co.*, 72 F.3d 793, 796 (10th Cir. 1995). Because the material facts are undisputed, we also review the grant of summary judgment *de novo*, determining if the district court correctly applied the substantive law. *See Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996).

## IV. Discussion

Rule 10301(d)(1) states:

A claim submitted as a class action shall not be eligible for arbitration . . .

Rule 10301(d)(2) states:

Any claim filed by a member . . . of a putative or certified class
action is also ineligible for arbitration . . . *if* the claim is
encompassed by a putative or certified class action filed in federal or
state court.

-4-

. . . .

> Disputes concerning whether a particular claim is encompassed by a putative or certified class action shall be referred by the Director of Arbitration to a panel of arbitrators in accordance with Rule 10302 or Rule 10308, as applicable. Either party *may elect instead to petition the court with jurisdiction over the putative or certified class action to resolve such disputes.*

NASD Manual - Code of Arbitration Procedure Rule 10301(d) (emphasis added).

In order to avoid application of Rule 10301(d)(1) to Hubbard's claims, OLDE argued in district court that it was "'not seeking to compel arbitration of a class action, but merely to force Hubbard to submit[] his claims, as agreed, to arbitration.'" *See* Order, Appellant's App. at 46. Implicit in this argument is the assumption that Hubbard's claims did not qualify as "a claim submitted as a class action." Rule 10301(d)(1). The court could have properly concluded that OLDE's distinction was a false one (because, by filing suit, Hubbard "submitted" his claims as a class action) and held that Hubbard's claims were not eligible for arbitration under Rule 10301(d)(1). Instead, the court accepted OLDE's characterization of Hubbard's claims as individual claims and found that those individual claims were encompassed within Hubbard's newly filed class action. The court then properly concluded that under Rule 10301(d)(2), Hubbard's individual claims were *also* precluded.

On appeal, OLDE focuses on the language in the second paragraph of Rule 10301(d)(2), arguing that the court erred by answering a Rule 10301(d)(2)

question that, in its view, could be answered only by the court with actual jurisdiction over the class action or by an arbitration panel. OLDE cites no authority for this proposition, relying solely on the express language of the rule.

Hubbard objects that OLDE didn't raise that issue in the trial court and has thus waived its claim of error. *See* Appellee's Br. at 4. OLDE responds that it had no opportunity to do so because the court recognized the issues that created a dispute under Rule 10301(d)(2) and ruled on them at the same time. *See* Appellant's Reply Br. at 5. OLDE ignores, however, that the court recognized the issue precisely because OLDE characterized Hubbard's claims as individual claims instead of class claims--thus, OLDE implicitly invited the court to rule on its argument. On this basis alone, we could refuse to review OLDE's jurisdictional complaints. *See Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996) ("[A]n appellant may not generally complain on appeal of errors he has himself induced or invited."). There are additional reasons why we reject its arguments.

The language that OLDE claims precluded the district court from making a factual finding on whether Hubbard's individual claims are encompassed within his class claims is permissive; it also addresses the procedures the parties may elect to follow and not the jurisdiction of a particular court. *See* Rule 10301(d)(2). At least one other court has found that this rule is procedural

and not substantive, and can therefore be waived by the parties. *Cf. D.E. Frey & Co., Inc. v. Wherry* , 27 F. Supp. 2d 950, 951 (S.D. Tex. 1998). We hold that the district court did not exceed its jurisdiction by making a ruling under Rule 10301(d)(2) after being invited to do so by appellant. We also find, for the reasons stated in the district court's May 13, 1998 Memorandum and Order, that the court properly denied OLDE's petition to compel arbitration.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge